William WITHEM, Petitioner,

v.

Joe UNDERWOOD, Respondent.

No. 95–0697.

Supreme Court of Texas.

May 31, 1996.

Rehearing Overruled June 28, 1996.

Kelly Atkins, William J. Clay, Dallas, for Petitioner.

Lawrence G. Smith, De Soto, for Respondent.

**OPINION**

PER CURIAM.

In this malicious prosecution case, Joe Underwood sought damages from Dillard's Department Store and its employee, William Withem. Counsel for Dillard's filed answers on behalf of both defendants, although Withem's whereabouts were unknown. Later, the trial court granted Dillard's motion for summary judgment but struck Withem's pleadings and granted Underwood's motion for partial summary judgment on liability. Withem did not appear at the trial on damages, and the trial court rendered judgment against him for $633,158.75. The attorney who had filed Withem's answer next filed a petition for writ of error in the court of appeals within six months of the final judgment. A majority of that court dismissed the petition, finding that Withem participated at trial. *See* —— S.W.2d ——, ——. We hold that Withem did not participate at trial and therefore reverse the judgment of the court of appeals and remand the case to that court.

■■■ To appeal by writ of error, the appellant must (1) file the petition for writ of error within six months of the signing of the final judgment, (2) be a party to the lawsuit, (3) have not participated in the actual trial of the case, and (4) show error on the face of the record. *See* TEX.R.APP. P. 45; *see also Stubbs v. Stubbs*, 685 S.W.2d 643, 644 (Tex. 1985). Here, a petition on Withem's behalf was timely filed and he is a party to the lawsuit. The sole issue before us is whether Withem participated in the actual trial. We have previously held that participation means taking part in a

> hearing in open court, leading up to the rendition of judgment, on the questions of law, if the case is disposed of on the questions of law, or on the questions of fact, if

the final judgment is rendered on the facts. The statute was intended to cut off the right of appeal by writ of error of those who participate in the hearing in open court in the trial that leads to final judgment.

*Lawyers Lloyds of Texas v. Webb*, 137 Tex. 107, 152 S.W.2d 1096, 1097–98 (1941). As we recently noted, the issue is whether "the appellant has participated in 'the decision-making event' that results in judgment adjudicating the appellant's rights." *See Texaco, Inc. v. Central Power & Light Co.,* —— S.W.2d ——, —— [1996 WL 263165] (Tex. 1996) (citations omitted). Because Withem did not participate in the trial, the court of appeals should have considered whether his petition showed error on the face of the record.

Accordingly, under Texas Rule of Appellate Procedure 170 and without hearing oral argument, the Court grants the application for writ of error, reverses the judgment of the court of appeals, and remands this cause to that court.