C & V CLUB and Valentin V. Mercado, Individually and as Agent for C & V Club, Petitioners,

v.

Calletano GONZALEZ and Elsa Gonzalez, Respondents.

No. 13N95–364–CV.

Court of Appeals of Texas, Corpus Christi.

May 22, 1997.

Rehearing Overruled Oct. 2, 1997.

---

4. Act of Oct. 12, 1984, P.L. 98–473, Title II, ch. II, 98 Stat. 1837, 1987.

Larry Warner, Brownsville, for Appellants.

Roberto Garcia, Harlingen, Rene B. Gonzalez, Brwonsville, for Appellees.

Before FEDERICO G. HINOJOSA, Jr., YAÑEZ and RODRIGUEZ, JJ.

## OPINION

FEDERICO G. HINOJOSA, Jr., Justice.

After the trial court struck Valentin V. Mercado's answer, respondents obtained a default judgment from which Mercado failed to timely perfect an ordinary appeal. Petitioners have filed a petition in this court requesting that we review this case by writ of error. We deny the petition for writ of error.

In March 1993, Calletano Gonzalez and Valentin Mercado entered into a partnership agreement to open and operate a business known as the C & V Club in Santa Rosa, Texas. In June 1993, without explanation, Mercado locked Gonzalez out of the club, refused to return Gonzalez's initial investment, and refused to share the club's profits.

On March 28, 1994, respondents, Calletano Gonzalez and wife, Elsa Gonzalez, sued petitioners, the C & V Club and Valentin Mercado, individually and as agent for the C & V Club. The Gonzalezes alleged conversion, trespass, and wrongful eviction and sought an accounting and winding down of the partnership. Mercado answered the suit with a general denial 28 days after it was filed. On May 13, 1994, Mercado was served with a request for admissions. Mercado filed his response to the request for admissions on June 13, 1994.

On July 8, 1994, respondents served Mercado with a set of interrogatories. Because Mercado did not answer the interrogatories, respondents filed a motion to compel him to answer. The motion was heard on September 23, 1994, but neither Mercado nor his attorney appeared at the hearing. The trial court granted the motion and ordered Mercado to answer the interrogatories by October 10, 1994. Because Mercado did not comply with the trial court's order, respondents filed a motion for sanctions on November 15, 1994. On November 29, 1994, respondents amended their motion for sanctions and asked the trial court for a default judgment as a sanction for abuse of discovery. On November 30, 1994, Mercado filed his answers to respondents' interrogatories. The trial court considered the amended motion for sanctions on December 1, 1994. Mercado's attorney appeared at the hearing and apologized for the tardy response to the respondents' interrogatories. Mercado's attorney, however, could offer no excuse or explanation for the late response. The trial court granted the amended motion for sanctions, struck Mercado's answer, and entered a default judgment against Mercado as to liability. Because the claim was unliquidated, the trial court sched-

uled a hearing on damages for February 2, 1995.

Mercado's attorney appeared at the February 2, 1995 hearing without Mercado and requested a continuance to locate his client. The trial court denied the request and conducted the hearing on damages. Attorneys for both sides examined and cross-examined the witnesses. After considering the evidence, the trial court found actual damages in the amount of $70,998.51. On February 8, 1995, the trial court signed a judgment against Mercado in the amount of $70,998.51, plus attorney's fees, court costs, and interest. The judgment reflects that the Gonzalezes' claim against the C & V Club was denied. On August 7, 1995, the C & V Club and Valentin Mercado, individually and as agent for the C & V Club, filed this petition for writ of error.

■ The following four elements are necessary for us to review a case by writ of error: 1) the petition must be brought within six months of the date of judgment 2) by a party to the suit 3) who did not participate in the trial, and 4) error must be apparent from the face of the record. TEX.R.APP.P. 45; *Stubbs v. Stubbs,* 685 S.W.2d 643, 644 (Tex. 1985); *Brown v. McLennan Co. Children's Protective Servs.,* 627 S.W.2d 390, 392 (Tex. 1982). Each element is mandatory and jurisdictional and cannot be waived. *Serna v. Webster,* 908 S.W.2d 487, 491 (Tex.App.—San Antonio 1995, no writ). Mercado has clearly met the first two elements. Mercado contends that he did not participate in the trial. We disagree.

The Texas Supreme Court has declared that TEX.R.APP.P. 45 is intended to cut off the right to appeal by writ of error to those who participate in open court in the trial that leads to final judgment. *Texaco Inc. v. Central Power & Light Co.,* 925 S.W.2d 586, 589 (Tex.1996). The rule is not intended to cut off the right to appeal by writ of error of those who discover that a judgment has been rendered against them after the judgment has been rendered, and who participate only to the extent of seeking a new trial. *Id.*

■ The question of what constitutes "participation at trial" for purposes of a writ

of error has been hotly disputed. The Texas Supreme Court has clarified the meaning of *actual trial* as "the hearing in open court, leading up to the rendition of judgment, on the questions of law, if the case is disposed of on the questions of law, or on the questions of fact, if the final judgment is rendered on the facts." *Lawyers Lloyds v. Webb,* 137 Tex. 107, 152 S.W.2d 1096, 1097–98 (1941). For writ of error purposes, "actual trial of the case" does not mean trial on the merits but the decision-making event producing the judgment adjudicating a party's rights. *Texaco,* 925 S.W.2d at 589; *Serna,* 908 S.W.2d at 492; *Canadian Triton Int'l, Ltd. v. JFP Energy, Inc.,* 888 S.W.2d 235, 236 (Tex. App.—El Paso 1994, no writ). The extent of a party's participation sufficient to bar an appeal by writ of error is a matter of degree. *See Stubbs,* 685 S.W.2d at 645.

■ It is well-settled that participation in a dispositive hearing is sufficient to make an appeal by writ of error unavailable. *See, e.g., Classic Promotions, Inc. v. Shafer,* 846 S.W.2d 948, 950 (Tex.App.—Houston [14th Dist.] 1993, no writ); *In re Estate of Hillje,* 830 S.W.2d 689, 691 (Tex.App.—San Antonio 1992, no writ); *Francis v.Denenberg,* 742 S.W.2d 789, 791 (Tex.App.—Houston [1st Dist.] 1987, no writ). A party participates by taking some part, whether personally *or through counsel,* in the decision-making event producing final judgment adjudicating his rights. *See* Tex.R.App.P. 45(b).

■ Mercado's brief raises no arguable point against finding that he participated at the hearing on the motion for sanctions and the hearing on damages. Mercado wishes us to believe that he was served, filed an answer, had an attorney present in the courtroom, then did nothing more of any significance. He quotes a very small portion of the statement of facts of the hearing on the motion for sanctions to establish that his counsel did nothing more than exchange a friendly "good morning" with the judge.

Mercado acknowledges that his attorney was present at the hearings, but asserts that because he was not *personally* present he cannot be held to have participated in any proceeding before the trial court. Rule 45

does not require Mercado's personal presence at the trial; the presence of his attorney is enough. *See* Tex.R.App.P. 45(b).

The record reflects the following. Mercado's attorney-of-record, Benjamin Yudesis, appeared at the motion for sanctions hearing on December 1, 1994. Yudesis was present when respondent's counsel argued the amended motion for sanctions. Yudesis then responded:

I can't argue that we failed to comply with the orders that we did get. All I can say in mitigation, we did get the interrogatories filed prior to the hearing this morning.

The court then granted the motion for sanctions, struck Mercado's pleadings, and granted a default judgment in favor of the respondents. Because the claim was unliquidated, the trial court scheduled a hearing on damages for February 2, 1995. At the February 2, 1995 hearing, Yudesis appeared without Mercado. He informed the trial court that he had notified Mercado of the hearing and had reminded him of it the previous afternoon, but had not been able to contact him since then. Yudesis told the court that it would be "somewhat difficult" to carry on without Mercado because Mercado was supposed to testify and produce business records as evidence. He requested a continuance to locate his client, adding, "I may have to personally drive to Santa Rosa to see if I can find him." The court denied the request. Respondents' attorney then called Calletano Gonzalez to the stand. Calletano testified that he and Mercado had formed a partnership in March 1993. Calletano and his wife, Elsa, had then invested money and property in the business. Calletano produced eight exhibits [1] and offered them into evidence. Yudesis objected "because I have no way of ascertaining the correctness of the documents," but the trial court admitted the exhibits into evidence. Yudesis thoroughly cross-examined Calletano about the existence of a written partnership agreement, money borrowed to buy out the interest of a previous business partner, and the ownership of the land on which the C & V Club is situated. He was given the opportunity, but declined to cross-examine Elsa Gonzalez, who testified that she had obtained a personal loan on behalf of the club, and that the loan was still outstanding. At the conclusion of the testimony, Yudesis argued against awarding the respondents the full amount of damages they requested.[2] The Gonzalezes' attorney responded that the amount sought was reasonable in light of all the circumstances and future expectations. The trial court found that the partnership agreement had been breached and found actual damages in the amount of $70,998.51.

Mercado contends that the hearing on the amended motion for sanctions was the dispositive hearing of this case, and that he did not participate to a great enough extent to lose his right to appeal by writ of error. Respondents argue that there was sufficient participation at that stage and, even if there was not, the final judgment was based on the damages hearing at which Mercado's attorney appeared and acted extensively.

We conclude that Mercado actively participated in the trial of this case. The only proceeding at which neither Mercado nor his counsel appeared was the hearing on respondents' motion to compel discovery, which did not finally dispose of this case. The grant of a motion for sanctions is dispositive of Mercado's rights. *Classic Promotions, Inc.*, 846 S.W.2d at 949; *Francis*, 742 S.W.2d at 791. Counsel for Mercado appeared at the hearing on the motion for sanctions and unsuccessfully tried to avoid the levying of sanctions. Following respondents' counsel's argument in favor of the motion for sanctions, Mercado's counsel admitted, without excuse, that Mercado had not complied with the court's order. As a mitigating factor, he pointed out that

1. The exhibits included bills and receipts for expenditures on equipment and furniture and a copy of an "assumed name certificate," dated March 11, 1993, and signed by Calletano Gonzalez and Valentin V. Mercado, showing the C & V Club to be a partnership and identifying both Mercado and Calletano Gonzalez as owner/partners.

2. Mercado's attorney admitted that the partnership had ended, but argued that the respondents were seeking an amount in excess of their actual damages.

the interrogatories had been answered, albeit late. After hearing both sides, the trial court struck Mercado's pleadings. However, Mercado was not forbidden to present evidence at the damages hearing. At the hearing on damages, Mercado failed to appear, even though his counsel had requested that he testify and produce business records as evidence. Mercado's counsel did his best to disprove the respondents' damages claim.

Mercado has cited several cases in support of his argument that his actions did not constitute sufficient participation and that he is entitled to a new trial. Mercado cites our holding in *Flores v. H.E. Butt Grocery Co.*, 802 S.W.2d 53, 55 (Tex.App.—Corpus Christi 1990, no writ), to support his argument that he did not participate to "a large degree." In *Flores*, the plaintiff did nothing but file suit and attend a docket control conference. *Id.* at 57. We conclude that Mercado's actions in this case are far greater than the actions of the plaintiff in *Flores*.

Mercado also cites the *Texaco* case to illustrate his non-participation, but he fails to draw any compelling similarities. In *Texaco*, apparently due to an error on the part of the trial court, no one was present on behalf of Texaco, as its representatives had left the courtroom and failed to return for the presentation of the evidence upon which the jury based its verdict. *Texaco*, 925 S.W.2d at 587. Finding that Texaco was, as a result, unfamiliar with the record upon which an ordinary appeal would be based, Texaco was held not to have participated in the actual trial. *Id.* at 590–91. In the instant case, Mercado was represented by counsel who was present and vocal during the entire hearing on the motion for sanctions and the hearing on damages. Despite Mercado's physical absence, his attorney was present and was obviously familiar with the facts and contentions of his case. The record reflects that Mercado's attorney effectively cross-examined Calletano Gonzalez and argued the case for Mercado.

Mercado also cites the more recent case of *Withem v. Underwood*, 922 S.W.2d 956 (Tex. 1996), in support of his position. In *Withem*, counsel filed an answer and appeared on Withem's behalf. However, counsel had no knowledge of Withem's whereabouts before he filed the answer and apparently never spoke with him about the case.[3] *Id.* at 957. Withem was wholly surprised by the existence of the suit against him and clearly TEX.R.APP.P. 45 applied to him. In the instant case, Mercado was well informed of the suit and its progress. At the hearing on damages, Mercado's counsel made it abundantly clear that Mercado knew his presence was expected but chose, deliberately, to absent himself. Rule 45 is clearly inapplicable to the instant case as Mercado, through his attorney, engaged in substantial participation at the hearing on the motion for sanctions and the hearing on damages.

Because no judgment was rendered against the C & V Club and because Mercado, through his counsel, actively and extensively participated in the proceedings that lead to the final judgment, we hold that petitioners cannot seek review of this case by writ of error. TEX.R.APP.P. 45. The petition for writ of error is denied.

---

3. The fact summary of the case indicates that Withem was nominally represented by his employer's attorney and that Withem was not aware of the representation.