No. 04-01-00210-CV



TEXAS DEPARTMENT OF PUBLIC SAFETY,


Appellant



v.



Jorge Antonio CANTU,


Appellee



From the 111th Judicial District Court, Webb County, Texas


Trial Court No. 1999CVQ000974D-2


Honorable Raul Vasquez, Judge Presiding



Opinion by: Karen Angelini, Justice


Sitting: Sarah B. Duncan, Justice

 Karen Angelini, Justice

 Sandee Bryan Marion, Justice


Delivered and Filed: May 22, 2002


DISMISSED FOR LACK OF JURISDICTION

 This is a restricted appeal from an order of expunction of Appellee Jorge Antonio Cantu's
arrest and indictment. Texas Department of Public Safety ("TDPS") argues that the evidence is
legally and factually insufficient to support the order. We dismiss for lack of jurisdiction.

Background


 Cantu was arrested and indicted for a felony offense. The indictment was later dismissed.
Cantu then filed a petition for expunction and set the matter for a hearing before the trial court.
TDPS filed a general denial, but did not attend the hearing. The trial court granted Cantu's petition
and ordered his arrest and related indictment be expunged. TDPS filed notice of restricted appeal.

Restricted Appeals


 To obtain reversal of an underlying judgment by restricted appeal, a party must satisfy the
following elements: (1) a notice of restricted appeal must be filed within six months of the date of
judgment; (2) by a party to the lawsuit; (3) who neither participated in the hearing that resulted in the
judgment of which the party complains nor filed a timely post-judgment motion; and (4) error must
be apparent on the face of the record. Flores v. Brimex Ltd. P'ship, 5 S.W.3d 816, 819 (Tex.
App.--San Antonio 1999, no pet.); C & V Club v. Gonzalez, 953 S.W.2d 755, 757 (Tex.
App.--Corpus Christi 1997, no writ); see Tex. R. App. P. 26.1(c), 30. Each one of these elements
is mandatory and jurisdictional. See C & V Club, 953 S.W.2d at 757. Here, TDPS filed a notice of
restricted appeal within six months of the date of judgment, was a party to the lawsuit, and did not
participate in the hearing that resulted in the order of expunction. Thus, we turn to whether any error
is apparent on the face of the record.

 In its first and second issues, TDPS argues that the evidence is legally and factually
insufficient, because (1) Cantu did not introduce evidence that the indictment against him was
dismissed due to an absence of probable cause and (2) Cantu did not introduce evidence that he had
not been convicted of a felony in the five years before his arrest. See Tex. Code Crim. Proc. art.
55.01(a)(2) (Vernon Supp. 2002). TDPS argues that Cantu did not introduce any evidence at the
hearing, nor did he call any witnesses or testify on his own behalf. In support, TDPS cites to the
record. The record, however, does not show that Cantu did not introduce any evidence. On
September 5, 2000, the record reflects that Cantu and the Webb County District Attorney appeared
before the trial court. Because a witness was not present, the trial court reset the matter for
September 18, 2000. The record of September 18th reflects that the trial court decided to delay the
proceeding until Cantu's attorney appeared. The reporter's record does not contain any other
transcriptions. A docket entry, however, indicates that on September 18th, this case was called,
Cantu and the Webb County District Attorney were present, and the trial court ordered Cantu's arrest
and indictment be expunged. TDPS assumes that because there is no transcript, Cantu did not
introduce evidence. Without a record of the proceeding, however, we cannot know what evidence,
if any, was introduced. The lack of sufficient evidence is, therefore, not apparent on the face of the
record. Had TDPS complained of the lack of a record of the proceeding, there might have been error
apparent on the face of the record. See Chase Bank v. Harris County Water Control & Improvement
Dist., 36 S.W.3d 654, 656 (Tex. App.--Houston [1st Dist.] 2000, no pet.) (holding that in context
of restricted appeal, lack of reporter's record of post-answer default judgment entitled defendant to
new trial). TDPS, however, chose to bring only sufficiency issues on appeal. 

 Because Cantu has not met all the requirements of a restricted appeal, we have no jurisdiction.
We dismiss this appeal for lack of jurisdiction.


 Karen Angelini, Justice

Do not publish