TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-01-00653-CV







Robert Barnes, Appellant


v.


Alma Ann Barnes, Appellee







FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT

NO. 26,743, HONORABLE EDWARD P. MAGRE, JUDGE PRESIDING






 By this restricted appeal, Robert Barnes challenges the district court's decree that
ended his marriage to Alma Barnes, divided their marital estate, and determined custody of and
financial support for their five children. He asserts by six issues on appeal that he did not receive
notice of or participate in the trial, that no evidence supported findings that underlie the order
denying him possession of or access to the children, that no evidence supports granting the divorce
on grounds of cruelty, and that insufficient evidence supports various findings regarding property
values and payments ordered to compensate Alma's share of the community estate. We affirm the
judgment.




BACKGROUND


 Alma and Robert Barnes filed competing petitions for divorce in February 2000. 
Alma alleged grounds of insupportability and cruel treatment. Robert alleged adultery. The court
held a hearing on temporary orders at which Alma, Robert, and several others testified. On June 29,
2000, the court appointed Alma and Robert joint managing conservators of their children, who were
born between October 1986 and March 1997. The court gave Alma the right to establish the
children's primary residence, and granted Robert visitation on the first weekend of each month. The
court ordered that Alma had "the right to receive and give receipt for periodic payments for the
support of the children." (Not until January 31, 2001, however, did the court specify an amount--a
total of $312.19 per month--that Robert owed in child support.) The order also restrained the parties
from failing to maintain the existing levels of insurance on the children; Robert was providing their
insurance through his employer. The order contained several provisions restraining the parties from
diminishing the community estate.

 The court let Robert substitute counsel in September 2000. On March 5, 2001, the
court held a hearing on further temporary orders; Robert did not appear. Also on that date, the court
allowed the substituted counsel to withdraw based on counsel's assertion that Robert would not
respond to his attempts to make contact, that Robert refused to cooperate or communicate with
counsel, that Robert had notice of a previous hearing and did not appear, and that counsel had tried
to locate Robert and could not. Counsel gave Route 2, Box 99A, Rosebud, Texas 76570 as Robert's
last known address.

 Three days later, Alma sent notice of trial setting to that address and to P.O. Box 266,
Rosebud, Texas. The certificate that notice was sent by certified mail, return receipt requested, does
not include a zip code after either address. The notice set trial on April 26, 2001 at 1:30 p.m.

 Robert did not appear in court on April 26, 2001, but Alma did. She and her attorney,
who testified regarding his fees, were the only witnesses who testified. The court rendered judgment
on May 24, 2001, dissolving the marriage based on Robert's cruelty. The court appointed Alma sole
managing conservator and named Robert a possessory conservator. Finding that Robert "has a
history of alcohol abuse, threatening and emotionally abusive behavior, and has had no contact with
the children the subject of this suit since January 2000," the court awarded him no visitation or
access to the children "at this time." The court ordered Robert to pay $1580 monthly for child
support, with decreases scheduled as the children reach majority. The court ordered him to provide
health insurance for the children. The court awarded him all clothing, jewelry, and personal effects
in his possession. The court awarded Alma all items in her possession, all the bank accounts in
Robert's name at First National Bank in Cameron, Texas, half of Robert's retirement benefits from
his previous employment as a truck driver for the McLane Company, all life insurance on her, a 1992
van, a 1990 pickup truck, and the family's turkey brooding operation--Turkey Track Farms--and
all associated equipment, property, and contract rights. Based on testimony that Robert had taken
community funds from various sources, the court awarded Alma judgment of $55,912.28 against him
to equalize the division of the community estate. The court also awarded Alma's attorney judgment
for $6,475 in attorney's fees against Robert.

 Alma's attorney then certified that Robert's last known address was P.O. Box 266,
Rosebud, Texas 76570. 

 Robert filed a notice of restricted appeal in November 2001.


DISCUSSION


 Robert contends that he meets the criteria for bringing a restricted appeal. To prevail
on a restricted appeal, a party to the suit who did not participate at trial must file a notice of appeal
within six months of the date of the judgment and show error apparent from the face of the record. 
Tex. R. App. P. 26.1(c), 30; Norman Communications v. Texas Eastman Co., 955 S.W.2d 269, 270
(Tex. 1997). The non-participation provision is mandatory, jurisdictional, and cannot be waived. 
See Tex. R. App. P. 30; Lambda Constr. Co. v. Chamberlin Waterproofing and Roofing Sys., Inc.,
784 S.W.2d 122, 124 (Tex. App.--Austin 1990, writ denied). Robert is undisputedly a party to the
suit who timely filed his notice of appeal. The dispute centers on whether he participated "at trial"
and whether he can show error from the face of the record.

 Before reviewing the issues on appeal, we must define the scope of the "face of the
record" that is available for review. Robert has attached an affidavit to his brief. In the affidavit,
he disputes evidence presented at trial, including the assertion that he received notice of the trial
setting, and offers what his testimony would have been at trial. This affidavit, however, was not in
the clerk's record or the reporter's record filed in this case, and there is no indication it was ever
before the trial court; the affidavit is dated March 5, 2002--more than four months after Robert
perfected this appeal. Appellate review is designed to determine whether the trial court made errors;
these errors generally must be presented to the trial court and must be evident in the record from the
trial court. See Tex. R. App. P. 33.1 (must complain at trial court to preserve error), 34 (record
consists of items from trial court). The face of the record consists of "all the papers on file in the
appeal." Norman, 955 S.W.2d at 270. On restricted appeal, we cannot consider affidavits filed for
the first time in the appellate court. General Elec. Co. v. Falcon Ridge Apartments, Joint Venture,
811 S.W.2d 942, 944 (Tex. 1991). Nor can we consider attachments to briefs that are not in the
record from the trial court. See White v. Rupard, 788 S.W.2d 175, 179 (Tex. App.--Houston [14th
Dist.] 1990, writ denied). Accordingly, we cannot consider Robert's affidavit because it was not
before the trial court when it had jurisdiction of the case.

 Robert contends that he did not participate in the trial and did not receive notice of
the trial. These assertions generate separate inquiries on a restricted appeal because "it is the fact
of nonparticipation, not the reason for it, that determines the right to appeal by writ of error." See
Texaco, Inc. v. Central Power & Light Co., 925 S.W.2d 586, 590 (Tex. 1996). We will consider
whether he participated and what effect that participation had before considering whether the
asserted lack of notice shows error on the face of the record.

 A party can participate at trial without appearing at the final proceeding before
judgment. Withem v. Underwood, 922 S.W.2d 956, 957 (Tex. 1996). The question is whether the
appellant has participated in "the decision-making event" that results in judgment adjudicating the
appellant's rights. Id. (citing Texaco, 925 S.W.2d at 589). "The nature and extent of participation
that precludes appeal by writ of error in any particular case is a matter of degree because trial courts
decide cases in a wide variety of procedural settings." Texaco, 925 S.W.2d at 589 (citing Stubbs v.
Stubbs, 685 S.W.2d 643, 645 (Tex.1985)). The decision-making event can include a "hearing in
open court, leading up to the rendition of judgment, on the questions of law, if the case is disposed
of on the questions of law, or on the questions of fact, if the final judgment is rendered on the facts." 
Lawyers Lloyds of Texas v. Webb, 152 S.W.2d 1096, 1097-98 (Tex. 1941). The court reasoned that
the purpose of the nonparticipation requirement for writs of error (now restricted appeals (1)) is


to take away the right of appeal by writ of error from those who should reasonably
use the more speedy method of appeal. Those who participate in the trial leading up
to the rendition of judgment are familiar with the record, and are therefore in position
to prepare for appeal on short notice; whereas, those who do not so participate in the
actual trial, and are therefore unfamiliar with the record, may need additional time
in which to familiarize themselves with the record. For example: One who
participates in the hearing of the evidence will be familiar with the facts introduced
upon the trial and can immediately begin the preparation of his appeal; whereas, one
who does not so participate may have to wait until the reporter can prepare a
statement of facts before he can properly prepare his appeal for presentation to the
appellate court. 



Id. We must construe the party's participation liberally in favor of the right to appeal. Stubbs, 685
S.W.2d at 644-45 (citing Lawyers Lloyds, 152 S.W.2d at 1097 with approval); see also Attorney
Gen. v. Orr, 989 S.W.2d 464, 467 (Tex. App.--Austin 1999, no pet.).

 To determine participation, courts review not just the general nature of the
proceeding, but the particular use of those proceedings by the parties in the case before them. See
Mays v. Perkins, 927 S.W.2d 222, 225 n.2 (Tex. App.--Houston [1st Dist.] 1996, no writ) (listing
cases deciding each way on participation issue). Two cases from the Seventh Court of Appeals
illustrate the application of the test to different decision-making events. See In re Van Hersh, 662
S.W.2d 141, 144 (Tex. App.--Amarillo 1983, no writ); Thacker v. Thacker, 496 S.W.2d 201, 204-05
(Tex. Civ. App.--Amarillo 1973, writ dism'd). In Thacker, the appellate court decided that a party
who missed the summary-judgment hearing nevertheless participated at trial. Thacker, 496 S.W.2d
at 204-05. The party participated by filing pleadings, discovery, and motions; because no evidence
is taken at summary-judgment hearings, the court held that the party's failure to appear at that
hearing did not significantly diminish her awareness of the basis for the judgment. Id. By contrast,
in a suit affecting the parent-child relationship, the court held that a party who appeared, answered,
sought various forms of relief and participated in preliminary hearings but missed the final hearing
on the merits had not participated at trial. Van Hersh, 662 S.W.2d at 144. Although the trial court
took judicial notice of the previous hearings and relied on evidence therefrom, the appellate court
determined that the party's failure to participate in the final hearing on the merits prevented her from
being familiar with the events occurring at the trial on the merits. Id. at 144-45 (citing Lawyers
Lloyds, 152 S.W.2d at 1098). Thus, the appellate court held that she had not participated at trial. 
Van Hersh, 662 S.W.2d at 145.

 Alma argues that Robert's filing of documents and participation in the April 2000
hearing constituted participation in the trial. Robert appeared personally and through counsel at the
April 2000 hearing; his counsel cross-examined witnesses, and he testified. There was testimony
about his earnings, suicide attempt, temper, abuse of a child, and abuse of alcohol. 

 We conclude, however, that the decision-making event was the final hearing held on
April 26, 2001. More than a year passed between the hearing on temporary orders and the final
judgment, and a different judge heard new evidence at the April 2001 proceeding. The record does
not indicate that the court in 2001 took judicial notice of or relied on the evidence from the April
2000 hearing. There is no indication that the reporter's record from the April 2000 hearing was
prepared for the court's review before it signed the judgment in May 2001; the reporter's record in
the appellate record was prepared in March 2002. The judgment expressly states that "on April 26,
2001, the Court heard this case." Alma testified about property (e.g., vehicles, equipment, retirement
benefits, oil lease proceeds, and an income tax refund) and debts (e.g., credit cards and medical bills)
that either were not mentioned or not detailed in the April 2000 hearing. She also testified about
Robert's failure to visit the children in the year between the proceedings or to provide child support
as required by the temporary orders, which were implemented after the April 2000 hearing. Based
on the evidence adduced in the April 2001 proceeding, the court named Alma the sole managing
conservator and denied Robert visitation--a significant change from the court's 2000 temporary
orders that named them joint managing conservators and granted Robert visitation; the decree also
divides marital assets and debts. Robert did not hear the evidence supporting these changes because
he did not attend the April 2001 proceeding. Based on the additional evidence adduced at the April
2001 proceeding and its apparent influence on the decree, we conclude that the April 2001
proceeding was the decision-making event. Despite Robert's participation in the case including the
April 2000 hearing, we conclude that Robert did not participate in the trial.

 Having concluded that Robert did not participate "at trial," we must next determine
whether he can show error from the face of the record. Robert contends that error is apparent on the
face of the record because he did not receive notice of the trial setting. Notice of trial must be sent
to the party's last known address. Tex. R. Civ. P. 21a, 245. A certificate showing service is prima
facie evidence of service. Tex. R. Civ. P. 21a. A recitation of due notice of the trial setting in the
judgment constitutes some, but not conclusive, evidence that proper notice was given; in the absence
of controverting evidence in the record from the trial court, we presume that notice was received. 
Osborn v. Osborn, 961 S.W.2d 408, 411-12 (Tex. App.--Houston [1st Dist.] 1997, pet. denied). 
This presumption prevails unless the record affirmatively shows that the appellant did not receive
notice. Blanco v. Bolanos, 20 S.W.3d 809, 811 (Tex. App.--El Paso 2000, no pet.) (record showing
notice sent less than forty-five days before trial defeated notice presumption); Transoceanic Shipping
Co., Inc. v. General Universal Sys., Inc., 961 S.W.2d 418, 419 (Tex. App.--Houston [1st Dist.]
1997, no pet.) (record containing notice envelopes returned undelivered defeated notice
presumption). In this case, the record shows that Robert's counsel stated in his February 28, 2001
motion to withdraw as counsel that Robert's last known address was Rt. 2, Box 99A, Rosebud,
Texas 76570. In the notice of trial setting filed March 8, 2001, Alma's counsel certified that he sent
a copy of the notice to Robert at that address and at P.O. Box 266, Rosebud, Texas. (2) Alma's
attorney omitted the zip code on both addresses in the certificate. Although the record does not show
whether the zip code was also omitted from the envelopes, the lack of a zip code would not render
the address incomplete or improper. See Judkins v. Davenport, 59 S.W.3d 689, 690-91 (Tex.
App.--Amarillo 2000, no pet.). Although at the April 2001 hearing Alma reported her address as
Route 2, Box 99A, there is no showing in the record that either that address or Box 266 was not
Robert's last known address, and nothing in the record affirmatively shows that Robert did not
receive the notice. The decree recites that Robert "was duly notified of trial." There is no evidence
in the record to rebut this presumption; Robert's affidavit, presented for the first time on appeal, is
not within the scope of the record reviewable on restricted appeal. See Falcon Ridge, 811 S.W.2d
at 944. Based on the reviewable record, we cannot say that the trial court erred by finding that
Robert was duly notified of the trial.

 The remainder of the issues Robert raises on appeal concern the support in the record
for various aspects of the decree. In reviewing a legal sufficiency challenge, we consider all the
evidence in the light most favorable to the prevailing party, indulging every reasonable inference in
that party's favor. See Associated Indem. Corp. v. CAT Contracting, Inc., 964 S.W.2d 276, 285-86
(Tex. 1998). We will uphold the finding if more than a scintilla of evidence supports it. See
Burroughs Wellcome Co. v. Crye, 907 S.W.2d 497, 499 (Tex. 1995). The evidence supporting a
finding amounts to more than a scintilla if reasonable minds could arrive at the finding given the
facts proved in the particular case. Id.; Transportation Ins. Co. v. Moriel, 879 S.W.2d 10, 25 (Tex.
1994). In reviewing a jury verdict to determine the factual sufficiency of the evidence, we consider
and weigh all the evidence and set aside the judgment only if it is so contrary to the overwhelming
weight of the evidence as to be clearly wrong and unjust. See Cain v. Bain, 709 S.W.2d 175, 176
(Tex. 1986); In re King's Estate, 244 S.W.2d 660, 661 (Tex. 1951); Simons v. City of Austin, 921
S.W.2d 524, 527 (Tex. App.--Austin 1996, writ denied).

 Robert contends that "no evidence was presented at trial demonstrating appellant's
alleged history of alcohol abuse or his alleged threatening or emotionally abusive behavior, which
were the basis of the court's denial of possession or access to his children." The custody provision
of the decree relies on Robert's failure to have any contact with the children between January 2000
and May 2001; Robert does not address this basis. The primary consideration in making decisions
regarding conservatorship and possession of and access to children must be the best interest of the
children. Tex. Fam. Code Ann. § 153.002 (West 1996). Two children older than age ten filed
motions before the April 2000 temporary-orders hearing requesting that the court appoint Alma the
managing conservator. Alma testified at trial that the temporary orders limited Robert's possession
of the children because of his problems with "alcohol and abuse"; she testified that he has a problem
with his temper. Alma also testified that Robert had not seen the children since she and he separated
on February 12, 2000. The record contains more than a scintilla of evidence to support the court's
findings regarding alcohol abuse and abusive behavior.

 Robert also complains that "no evidence was presented to support the trial court's
granting of divorce on grounds of cruelty." The statute provides that "[t]he court may grant a divorce
in favor of one spouse if the other spouse is guilty of cruel treatment toward the complaining spouse
of a nature that renders further living together insupportable." Tex. Fam. Code Ann. § 6.002 (West
1998). The testimony regarding abusive behavior provides a scintilla of evidence to support this
finding.

 We further note that, even if no evidence supported the challenged findings, Robert
has not shown a basis for reversal because he has not shown that the findings probably led to the
rendition of an improper judgment or prevented him from properly presenting his appeal. See Tex.
R. App. P. 44.1(a). The court could have granted a no-fault divorce on the basis of insupportability;
Alma pled this basis and the record supports such a ground for divorce. See id. § 6.001. Robert does
not dispute that a divorce should have been granted--indeed, he filed his own petition for
divorce--but disputes only the basis on which it was granted. The record does not reveal that the
basis of the divorce had any impact on the remainder of the decree; i.e., the court did not recite that
the basis for the divorce affected its division of the marital estate. The conservatorship and visitation
provisions stand on the unchallenged ground that he has had no contact with the children in more
than a year; the record reflects that he has neither visited nor paid any child support. Because the
provisions of the decree are not dependent on the challenged findings, we conclude that Robert has
shown no legal harm from the findings that requires reversal of the decree.

 Robert contends that insufficient evidence supports the value of the property awarded
to Alma in the division of the marital estate. When reviewing the division of the marital estate, we
review whether the court abused its discretion while making a just and right division of the property. 
Murff v. Murff, 615 S.W.2d 696, 698 (Tex. 1981); Walston v. Walston, 971 S.W.2d 687, 691 (Tex.
App.--Waco 1998, pet. denied). The court can consider many factors, including the parties' income
potential and obligations. Murff, 615 S.W.2d at 699. Legal and factual sufficiency are not
independent grounds of error but relevant factors in assessing whether the trial court abused its
discretion. Doyle v. Doyle, 955 S.W.2d 478, 479 (Tex. App.--Austin 1997, no pet.). To constitute
an abuse of discretion, the property division must be manifestly unfair. See Mann v. Mann, 607
S.W.2d 243, 245 (Tex. 1980).

 Robert specifically contests the valuation of the 106-acre turkey brooder farm and the
order that he pay her $55,912.82 to compensate for assets he allegedly removed from the community. 
The property valuation was based on Alma's testimony. A landowner and business owner can testify
about the value of her property even if she could not testify about the value of another's land or
business. Ramex Constr. Co. v. Tamcon Servs. Inc., 29 S.W.3d 135, 138 (Tex. App.--Houston [14th
Dist.] 2000, no pet.); Barraza v. Koliba, 933 S.W.2d 164, 169 (Tex. App.--San Antonio 1996, writ
denied). Alma testified that loans on the property totaled about $320,000; she estimated that the
three loans were approximately $212,000 on the turkey house, $65,000 on the house, and $20,000
on home improvements. She testified that the property was worth no more than the loans and thus
that there was essentially no equity in this property. She further testified that Robert withdrew
$82,414.74 from a profit-sharing retirement account, despite being under temporary orders not to do
so; she said he also kept all of a joint $9,161.40 income-tax refund and $1608 from oil-lease
revenues on community property. She was awarded sixty percent of these amounts in the property
division to compensate her share of the community. Alma also testified that in January 2001 Robert
removed everything of value from the residence and took a sixteen-foot flatbed trailer belonging to
the turkey farm; she requested that he be awarded all of that property plus a pick-up, a motorcycle,
and all other personal effects he possessed. She also testified that caring for the five children would
keep her income potential below his. Alma requested and was awarded the residence, the turkey
farm and all equipment thereon, two vehicles, insurance policies on her life, bank accounts, half of
Robert's retirement benefits, and personal effects. On the face of this record, we conclude that the
court did not abuse its discretion in dividing the community estate as it did and ordering a
compensatory payment.

 Robert contends that the court erred by ordering him to pay a total of $1580 in
monthly child support. We review the decision to set child support under the guidelines for an abuse
of discretion. See Rodriguez v. Rodriguez, 860 S.W.2d 414, 415 (Tex. 1993). A trial court abuses
its discretion only when it acts in an unreasonable and arbitrary manner or without reference to any
guiding principles. G.K. v. K.A., 936 S.W.2d 70, 72 (Tex. App.--Austin 1996, writ denied). Alma
testified that Robert, a truck driver, earned $69,800 in 1998, and $60,959 in 1999, a year in which
he was disabled for three months but resumed driving; she testified that she believed he retained the
capacity to earn such income. The statutory guidelines suggest that a child-support obligor whose
monthly net resources are less than $6000 pay forty percent of those resources to support five
children. Tex. Fam. Code Ann. § 154.125 (West 1996). A $1580 payment is forty percent of $3950
in net monthly resources, which indicates an annual gross income of about $60,000 according to the
statutory charts for computing monthly income. See id. § 154.061 (West Supp. 2002). Robert
argues that he earned less in 2000, but that evidence was not before the trial court. We find no abuse
of discretion on the face of this record.


CONCLUSION


 Because Robert failed to show error on the face of the record, we affirm the judgment.



 

 Jan P. Patterson, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed: September 12, 2002

Do Not Publish
1. Restricted appeals were substituted for writs of error in the 1997 revisions to the Texas
Rules of Appellate Procedure. See Tex. R. App. P. 30, notes and comments.
2. After the decree was signed, Alma's attorney certified that the Box 266 address was
Robert's last known address.