

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00416-CV

**VILT AND ASSOCIATES, P.C.** and Mediation Centers of America, L.L.C.,
Appellants

v.

Ho Kon **PARKER** and Richard T. Parker,
Appellees

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2013-CI-19561
Honorable Rosie Alvarado, Judge Presiding

Opinion by:     Rebeca C. Martinez, Justice

Sitting:        Rebeca C. Martinez, Justice
                Irene Rios, Justice
                Beth Watkins, Justice

Delivered and Filed: August 26, 2020

MOTION TO DISMISS DENIED; REVERSED AND REMANDED

By this restricted appeal, appellants Vilt and Associates, P.C. ("Vilt") and Mediation

Centers of America, L.L.C. ("MCA") seek reversal of the trial court's final judgment. Appellees

Ho Kon Parker and Richard T. Parker filed a motion to dismiss, which we carried with the appeal.

The Parkers argue in their motion that the jurisdictional elements of a restricted appeal have not

been met. In addition, the Parkers filed a brief, in which they reassert their jurisdictional arguments

and argue that the restricted appeal is meritless because Vilt and MCA have not shown error on

the face of the record. We deny the Parkers' motion to dismiss, reverse the trial court's judgment, and remand for a new trial.

## BACKGROUND

The Parkers purchased a home in 2001 with mortgage financing. In 2007, they refinanced their mortgage with a home-equity loan. Thereafter, the Parkers became delinquent on their loan. In 2011, the promissory note and security instrument for the home-equity loan were transferred to U.S. Bank, N.A., and, the following year, the property was sold at a foreclosure sale by a substitute trustee.

This appeal is from a judgment in the second of two related lawsuits. In April 2013, the Parkers filed their first lawsuit against U.S. Bank, asserting that the bank wrongfully conducted a foreclosure sale. The Parkers were represented by Vilt in the lawsuit. The lawsuit was filed in Bexar County, Texas state district court and later removed to federal district court. After removal, U.S. Bank filed a motion to dismiss the appeal. The Parkers did not respond, and the federal district court dismissed the lawsuit with prejudice. *See Parker v. U.S. Bank, N.A.*, SA-13-CA-340-FB (W.D. Tex. May 30, 2013).

Thereafter, in November 2013, the Parkers filed this, their second lawsuit. The Parkers assert in their original petition that the foreclosure sale was wrongfully conducted. The petition asserts causes of action against U.S. Bank and the trustee, including a cause of action under the Texas Debt Collection Act ("TDCA").

In December 2013, the Parkers filed an amended petition. In addition to the claims against the bank and the trustee, the Parkers added claims against Vilt and MCA. The Parkers allege in their amended petition that, after the foreclosure sale, they received a postcard from MCA, stating "STAY IN YOUR HOME" and "WE STOP EVICTIONS." The Parkers allegedly paid MCA $2,500.00 "for their service." However, according to the petition, "[t]he service failed to stop the

eviction process and after such failure, the service referred [the Parkers] to [Vilt]." The Parkers further allege that they entered into a legal-services contract with Vilt for approximately $6,500.00. This contract promised a foreclosure defense in state and federal courts; however, according to the Parkers, Vilt did not identify, allege, or pursue the "obvious, fatal and significant failings" of the foreclosure process that could have led to a successful foreclosure defense. The amended petition asserts the same causes of action against U.S. Bank and the trustee as before and it adds claims against Vilt and MCA for "breach of legal services contract" and "negligence and negligent referral—legal services."

U.S. Bank filed an answer, and the trustee filed an answer and a motion to dismiss, which the trial court granted. Vilt filed an answer and a counterclaim for breach of contract, and MCA did not answer. Thereafter, the Parkers filed a second amended petition, asserting another claim against U.S. Bank, and, later, the Parkers filed a third amended petition, which referred to U.S. Bank by its correct name.[1] The third amended petition was the Parkers' live petition at the time of trial.

The case was set for trial on April 1, 2019. In February 2019, U.S. Bank filed a motion to sever the claims against it from the claims against Vilt and MCA. On April 1, 2019, the trial court signed an order severing the claims against U.S. Bank into a separate suit. That same day, the trial court signed a final judgment against Vilt and MCA after they "failed to appear for trial, despite being duly notified."

---

[1] The previous petitions referred to U.S. Bank by the name of the trust that held the home-equity loan. The trial court signed an order dismissing the trust as a defendant in the case, and the Parkers, thereafter, filed their third amended petition to name U.S. Bank directly as a defendant.

On May 6, 2019, Vilt filed a motion for new trial. On June 5, 2019, the trial court held a hearing on the motion. The trial court never signed an order granting the motion for new trial. On June 19, 2019, Vilt and MCA filed notices of appeal.

### JURISDICTION

Before this appeal was set for submission, we ordered Vilt and MCA to show cause why this appeal should not be dismissed for lack of jurisdiction because the appeal appeared to be untimely filed. Vilt filed its motion for a new trial thirty-six days after the trial court's judgment, which was beyond the deadline to file a motion for new trial. *See* TEX. R. CIV. P. 329b(a) (requiring a motion for new trial be filed thirty days after the judgment is signed). Vilt and MCA filed their notices of appeal seventy-nine days after the judgment was signed, which is beyond the typical, thirty-day deadline to file an appeal when a motion for new trial is not timely filed. *See* TEX. R. APP. P. 26.1.

Vilt's and MCA's response to our show cause order referred to the fact that the trial court provided notice of its April 1, 2019 judgment on April 4, 2019; however, this fact did not alter the normal filing deadlines. The deadline for filing a notice of appeal is extended only if a party affected by the judgment has not received notice or acquired actual knowledge within twenty days after the judgment was signed. *See* TEX. R. APP. P. 4.2(a)(1). Vilt and MCA do not argue these circumstances. Nevertheless, we retained the appeal on our docket because the appeal appeared to qualify as a timely-filed restricted appeal under Rule 30 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 30 ("A party who did not participate—either in person or through counsel—in the hearing that resulted in the judgment complained of and who did not timely file a postjudgment motion or request for findings of fact and conclusions of law, or a notice of appeal within the time permitted by Rule 26.1(a), may file a notice of appeal within the time permitted by Rule 26.1(c)."). Vilt and MCA filed an amended brief, arguing we lack jurisdiction because the

"final judgment" signed on April 1, 2019 is interlocutory. They also argue, if the issue is reached, that they have established the elements of a restricted appeal and are entitled to reversal of the trial court's judgment. The Parkers now contest whether Vilt and MCA qualify for a restricted appeal and have filed a motion to dismiss on the ground that we lack jurisdiction. We carried the Parkers' motion with the appeal. In their appellees' brief, the Parkers argue briefly that a restricted appeal is meritless, in any event. In light of these arguments, we first consider our jurisdiction. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004) ("[A] court must not proceed on the merits of a case until legitimate challenges to its jurisdiction have been decided.").[2]

**Final Judgment**

Generally, unless authorized by statute, "an appeal may be taken only from a final judgment." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *accord De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006). "A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record, except as necessary to carry out the decree." *Lehmann*, 39 S.W.3d at 195. "[A] judgment issued without a conventional trial is final for purposes of appeal if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties." *Id.* at 192–93. "An order does not dispose of all claims and all parties merely because it is entitled 'final', or because the word 'final' appears elsewhere in the order, or even because it awards costs." *Id.* at 205. "Rather, there must be some other clear indication that the trial court intended the order to completely dispose of the entire case." *Id.*

---

[2] Although Vilt and MCA did not file a motion to dismiss for lack of jurisdiction, their issue on whether the judgment is final goes to our jurisdiction, which we are obligated to consider, even when not raised in a motion. *Cf. M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004) (per curiam) ("[W]e are obligated to review *sua sponte* issues affecting jurisdiction."); *Bustos v. Encino Park Homeowners Ass'n*, No. 04-19-00311-CV, 2020 WL 3441436, at *2 (Tex. App.—San Antonio June 24, 2020, no pet. h.) (mem. op.) (reviewing the matter of jurisdiction *sua sponte* and dismissing an appeal for lack of jurisdiction because there was no final, appealable judgment).

Vilt and MCA argue that the appealed-from order, which is entitled "Final Judgment," is not, in fact, a final judgment because it does not dispose of the two causes of action asserted against Vilt and MCA for breach of contract and negligence. Vilt and MCA argue that the trial court's judgment only disposes of the claim against U.S. Bank under the TDCA because the judgment awards the Parkers $350,000.00, which "includes damages for statutory trebling as a result of intentional and knowing conduct of [Vilt and MCA]." According to Vilt and MCA, breach of contract and negligence cannot support an award of treble damages; therefore, the judgment cannot concern those claims.

Vilt's and MCA's argument as to treble damages goes more to the issue of asserted error than to the finality of the judgment. "Granting more relief than [a] movant is entitled to makes [an] order reversible, but not interlocutory." *Id.* at 204. Here, the trial court's judgment is final because the order disposed of all pending parties and claims. *See id.* at 192–93. It is not interlocutory "merely because the record [purportedly] does not afford a legal basis for the adjudication." *Id.* at 206.

Contrary to what Vilt and MCA assert, the trial court's judgment addresses and adjudicates the claims that were pending against Vilt and MCA as well as Vilt's claim against the Parkers. These were the only claims remaining in the case after the trial court granted severance of the claims against U.S. Bank.[3] The judgment provides:

> IT IS ORDERED, ADJUDGED AND DECREED, that there is a preponderance of the evidence to support each of Plaintiffs, HO KON PARKER AND RICHARD T. PARKER'S allegations against Defendants, VILT & ASSOCIATES, P.C. AND MEDIATION CENTERS OF AMERICA, L.L.C. and finds that there is no evidence to support the counterclaims alleged by VILT & ASSOCIATES, P.C.;
>
> IT IS ORDERED, ADJUDGED AND DECREED, that the Court makes all findings necessary to support this Judgment for Plaintiffs and against Defendants, VILT & ASSOCIATES, P.C. AND MEDIATION CENTERS OF AMERICA,

---

[3] The claims against the trustee had been dismissed earlier in the case.

L.L.C. and dismisses all counterclaims made by VILT & ASSOCIATES, P.C. as being without evidence or merit to support same[.]

The order assesses costs and post-judgment interest against Vilt and MCA, and it concludes:

SAID SUMS ARE ORDERED DUE AND PAYABLE BY Defendants, jointly and severally, and all writs and processes necessary for the enforcement and collection of this judgment and/or the costs associated thereto are granted and shall issue as necessary.

The court recognizes the granting of the severance order of even date with this judgment that renders this judgment as to these Defendants final.

The court denies all relief not granted in this judgment. This is a final, appealable judgment. The Court orders the Bexar County District Clerk's office to forward forthwith a copy of this final judgment to all counsel of record.

We hold the appealed-from order is a final, appealable judgment because it "dispose[d] of all pending parties and claims in the record, except as necessary to carry out the decree." *Id.* at 195.

**Jurisdictional Elements of a Restricted Appeal**

The next jurisdictional challenge comes from the Parkers. They assert that the jurisdictional elements of a restricted appeal are not met.

Rule 30 of the Texas Rules of Appellate Procedure provides:

A party who did not participate—either in person or through counsel—in the hearing that resulted in the judgment complained of and who did not timely file a postjudgment motion or request for findings of fact and conclusions of law, or a notice of appeal within the time permitted by Rule 26.1(a), may file a notice of appeal within the time permitted by Rule 26.1(c).

TEX. R. APP. P. 30; *see also id.* R. 26.1(a), (c).[4]  An appeal under Rule 30 is a restricted appeal and is a direct attack on the trial court's judgment.  *Franklin v. Wilcox*, 53 S.W.3d 739, 741 (Tex. App.—Fort Worth 2001, no pet.).

To sustain a restricted appeal, the appealing party must show: (1) it filed notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of, and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record.  *Ex parte E.H.*, No. 18-0932, 2020 WL 2503898, at *6 (Tex. May 15, 2020).  Only the first three elements are jurisdictional.  *Id.* at *7.

Vilt and MCA have satisfied the first element.  They filed their notices of appeal on June 19, 2019, which was approximately two-and-a-half months after the judgment was signed.[5]  Vilt and MCA also satisfy the second element because they were parties to the underlying lawsuit.

As to the third element, Vilt and MCA did not timely file any post-judgment motions or requests for findings of fact and conclusions of law.  Vilt's motion for new trial was untimely filed on May 6, 2019, after the trial court signed its final judgment on April 1, 2019.  *See* TEX. R. CIV. P. 329b(a) (imposing a deadline of thirty days after entry of the final judgment to file a motion for new trial).  The Parkers contest the other aspect of the third element—whether Vilt and MCA participated in the hearing that resulted in the judgment.  We hold they did not.

---

[4] Generally, Rule 26.1 provides that a party who desires to appeal a trial court's judgment must file a notice of appeal within thirty days after the judgment is signed.  *See* TEX. R. APP. P. 26.1.  A timely filed motion for new trial, motion to modify the judgment, motion to reinstate, or a proper request for findings of fact and conclusions of law extends the deadline to ninety days after the judgment is signed.  *See id.* R. 26.1(a).

[5] By an earlier order, we construed their appeals as restricted appeals, even though their notices of appeal did not strictly comply with the requirements regarding the contents and verification of a notice of restricted appeal.  *See* TEX. R. APP. P. 25.1(d)(7).

"The nature and extent of participation that precludes appeal by [restricted appeal] in any particular case is a matter of degree because trial courts decide cases in a wide variety of procedural settings." *Texaco, Inc. v. Cent. Power & Light Co.*, 925 S.W.2d 586, 589 (Tex. 1996) (interpreting the predecessor to Rule 30). The question is whether an appellant participated in "the decision-making event" that results in the judgment adjudicating the appellant's rights. *Id.*; *In re B.H.B.*, 336 S.W.3d 303, 305 (Tex. App.—San Antonio 2010, pet. denied). We must liberally construe the non-participation requirement in favor of the right to appeal. *See Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014) (per curiam).

Here, it is undisputed that the Parkers presented their case-in-chief at trial on April 1, 2019, when Vilt and MCA were not present. Although we lack the trial record, we have the record from the hearing on Vilt's untimely-filed motion for new trial. At that hearing, counsel for the Parkers explained that the trial commenced without attorneys for Vilt and MCA present. According to counsel for the Parkers, all witnesses for the Parkers had finished testifying before counsel for Vilt contacted the trial court.

Counsel for Vilt explained what followed. An attorney at Vilt and Associates, P.C. happened to be at the courthouse on another matter on the day of the trial. The attorney became aware that a default judgment was being pursued against Vilt and MCA, and the attorney asked the trial court for a continuance. The trial court contacted lead counsel for Vilt and MCA by telephone, and lead counsel informed the court that he was unable to appear because he was occupied with another matter in a court in Galveston County, Texas. Counsel asserted that he was unaware of the trial proceeding in Bexar County. Counsel then presented his arguments for a continuance, and the trial court denied counsel's request. After lead counsel's recitation of these circumstances at the hearing on the motion for new trial, counsel for the Parkers remarked: "[H]is

recollection is correct, except for the fact that he doesn't recognize the fact that we had already started trial."

All parties acknowledge that Vilt and MCA were present in the courtroom on the day of trial through the personal and telephonic appearances of counsel; however, we hold, their presence was not participation in "the decision-making event" that resulted in the final judgment. *See Texaco*, 925 S.W.2d at 589. It is undisputed that the Parkers presented their entire case-in-chief, including witnesses, while Vilt and MCA were absent. Vilt and MCA then made an appearance and argued for a continuance, which the trial court denied.

We are unable to locate a case with similar facts, but the seminal case on the matter, *Texaco*, is instructive. *Cf. id.* (noting that "participation is rarely a disputed issue"). In *Texaco*, an employee sued Texaco and Central Power and Light Company ("CP&L") after being injured on the job. *Id.* at 587. CP&L filed a counterclaim against Texaco for indemnification. *Id.* Before trial commenced, the attorney for Texaco announced ready. *Id.* The trial court adjourned on the parties' request, and upon return, the employee and Texaco announced they had reached a settlement as to the employee's claims against Texaco. *Id.* The trial court, "apparently under the impression that the settlement ended Texaco's involvement in the case," excused Texaco's attorney, and Texaco's attorney did not attend the remainder of the trial. *Id.* Ultimately, trial resulted in a jury verdict and a judgment rendered against Texaco on CP&L's counterclaim for indemnification. *Id.* at 588. Texaco filed a restricted appeal. *Id.* In construing the predecessor to Rule 30, the Texas Supreme Court held that Texaco did not participate within the meaning of the relevant rule because Texaco did not participate in the evidentiary stage of trial. *Id.* at 591. In reaching this holding, the supreme court noted the difference between participation in the context of a summary judgment and participation in the context of a jury trial: "[P]articipation in a case tried to a jury requires some degree of involvement in the 'hearing in open court . . . on the

questions of fact.'" *See id.* at 589 (quoting *Lawyers Lloyds v. Webb*, 152 S.W.2d 1096, 1097 (Tex. 1941)).

Here, as in *Texaco*, Vilt and MCA did not participate in the April 1, 2019 trial on the questions of fact. It is undisputed that the Parkers presented their witnesses before Vilt and MCA appeared. Upon appearance, Vilt and MCA argued the matter of a continuance. Under these circumstances, and mindful that the non-participation requirement must be liberally construed in favor of the right to appeal, we hold that Vilt and MCA did not participate in the decision-making event. *See* TEX. R. APP. P. 30; *Pike-Grant*, 447 S.W.3d at 886; *Texaco*, 925 S.W.2d at 589.[6] We have jurisdiction to consider this restricted appeal.

### MERITS DISCUSSION

The final element to sustain a restricted appeal is that error be apparent on the face of the record. *Ex parte E.H.*, 2020 WL 2503898, at *6.[7] "[E]rror that is merely inferred will not suffice." *Ginn v. Forrester*, 282 S.W.3d 430, 431 (Tex. 2009) (per curiam). The face of the record consists of all papers on file in the appeal, including the reporter's record. *See Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam); *accord Ex parte Graves*, No. 04-16-00570-CV, 2017 WL 3159459, at *1 (Tex. App.—San Antonio July 26, 2017, pet. denied) (mem. op.).

---

[6] The cases the Parkers cite are distinguishable because they concern a greater degree of participation than in the instant case. *See In re K.B.B.*, No. 12-16-00248-CV, 2017 WL 787094, at *2 (Tex. App.—Tyler March 1, 2017, pet. denied) (mem. op.) (party appeared by telephone, made an opening statement, objected to evidence and testimony, questioned one witness, answered questions posed by opposing counsel, testified on his own behalf, and made a closing statement); *Brower v. Giesenschlag*, No. 03-10-00627-CV, 2011 Tex. App. LEXIS 4126, at *2 (Tex. App.—Austin May 26, 2011, no pet.) (pro se party appeared at trial before the introduction of evidence, made an oral request for a continuance, indicated her intention not to remain in the courtroom after the trial court denied her motion, and did not return to the courtroom after a recess); *C & V Club v. Gonzales*, 953 S.W.2d 755, 757 (Tex. App.—Corpus Christi 1997, no writ) (party's attorney appeared in person, requested a continuance, and examined and cross-examined witnesses), *abrogated in part by Ex parte E.H.*, 2020 WL 2503898, at *7; *Girdley v. Sw. Bell Yellow Pages, Inc.*, 869 S.W.2d 409, 410 (Tex. App.—El Paso 1993, writ denied) (party's attorney "fully and actively represented" the party during the hearings that led to the judgment), *abrogated in part by Ex parte E.H.*, 2020 WL 2503898, at *7.

[7] In *Ex parte E.H.*, the supreme court held that the fourth element regarding error on the face of the record is not jurisdictional, and it abrogated cases holding otherwise. *See Ex parte E.H.*, 2020 WL 2503898, at *7.

Vilt and MCA do not frame their merits arguments in terms of purported error on the face of the record. The Parkers, by and large, do not address Vilt's and MCA's merits arguments in their appellees' brief. Because Vilt's and MCA's damages arguments are dispositive, we do not address their remaining merits arguments. *See* TEX. R. APP. P. 47.1.

Vilt and MCA argue the trial court imposed an improper measure of damages. The Parkers' live pleading at the time of trial states claims against Vilt and MCA for breach of contract and negligence. The trial court's final judgment assesses damages, "in the amount of THREE HUNDRED AND FIFTY THOUSAND DOLLARS ($350,000.00), this includes damages for statutory trebling as a result of intentional and knowing conduct of the named . . . Defendants." Vilt and MCA assert there is no statutory basis to treble actual damages for claims for breach of contract and negligence, and the Parkers have not asserted any such basis. Accordingly, we hold that Vilt and MCA have established on the face of the record that the trial court erred by assessing treble damages absent statutory authorization. *Cf. Mehl v. Stern*, No. 03-14-00697-CV, 2016 WL 4091359, at *5 (Tex. App.—Austin July 28, 2016, no pet.) (mem. op.) (holding, in a restricted appeal, the trial court improperly awarded the remedies of both rescission of a real-property conveyance and actual damages because a party generally is not entitled to double recovery for the same injury).

Texas Rule of Appellate Procedure 44.1(b) provides, "The court may not order a separate trial solely on unliquidated damages if liability is contested." TEX. R. APP. P. 44.1(b). Because liability was contested here,[8] we cannot remand on damages alone. *See Estrada v. Dillon*, 44 S.W.3d 558, 262 (Tex. 2001). As a result, we are required to reverse not only the portion of the

---

[8] Although our record on appeal contains no answer for MCA, we note that counsel for Vilt and MCA represented— both to the trial court and to this court—that this was a post-answer default judgment, and the Parkers did not contest this assertion. We therefore treat this as a post-answer default judgment as to both Vilt and MCA.

judgment awarding the Parkers' damages, but also the liability portion of the trial court's judgment.

**CONCLUSION**

We deny the Parkers' motion to dismiss because we have jurisdiction to decide this restricted appeal. We reverse the trial court's judgment and remand the cause for a new trial.

Rebeca C. Martinez, Justice