936 S.W.2d 70 (1996)
G.K., Appellant,
v.
K.A., Appellee.
No. 03-95-00761-CV.
Court of Appeals of Texas, Austin.
December 5, 1996.
Rehearing Overruled January 23, 1997.
*71 William R. Pemberton, William R. Pemberton, P.C., Crockett, for Appellant.
Michael D. Goains, Humble & Humble, L.L.P., Cameron, for Appellee.
Before ABOUSSIE, KIDD and B.A. SMITH, JJ.
KIDD, Justice.
This is an appeal from a decree in a voluntary paternity lawsuit establishing G.K.[1] as the father of his child born out of wedlock and establishing K.A., the child's mother, as managing conservator. In thirty-two points of error, G.K. contends the trial court abused its discretion by (1) restricting visitation until the child reaches six years of age or until the child starts school, whichever is later; (2) failing to change the child's surname; and (3) awarding attorney's fees to the mother's attorney. We will affirm in part and reverse and render in part.

BACKGROUND
This suit arises from G.K.'s involvement in an adulterous relationship with K.A., which resulted in the conception and birth of a child. After the relationship ended, G.K. sought marital counseling with his wife and, shortly after the child's birth, filed this voluntary paternity suit seeking to establish his paternity of the child.
After a final hearing, the trial court issued a decree of paternity establishing G.K. as the father of the child and naming him possessory conservator. The court ordered the standard possessory order not take effect until the child reaches the age of six or begins school, whichever is later, and granted G.K. restricted visitation until that time.[2] The *72 court also set forth the amount of child support to be paid by G.K., required him to provide health insurance for the child, and ordered that the child retain the mother's surname. In addition, the court awarded attorney's fees to the mother's attorney.
G.K. requested findings of fact and conclusions of law, which the court filed upon G.K.'s notice that they were past due. G.K. then requested additional and amended findings of fact and conclusions of law, which the trial court denied. In addition, G.K. filed a motion for new trial complaining that the trial court abused its discretion in issuing a restricted visitation order, refusing to change the child's surname, and ordering him to pay the mother's attorney's fees. The trial court denied the motion. G.K. appeals.

DISCUSSION
We review the trial court's findings of fact, as supported by the evidence in the record, to determine if the trial court abused its discretion in restricting visitation and refusing to change the child's surname. A trial court is given wide discretion to determine the best interest of the child in family law matters. Gillespie v. Gillespie, 644 S.W.2d 449, 451 (Tex.1982). A trial court abuses its discretion only when it acts in an unreasonable and arbitrary manner or without reference to any guiding principles. Worford v. Stamper, 801 S.W.2d 108, 109 (Tex.1990). We will reverse the judgment of the trial court only if it appears from the record as a whole that the trial court has abused its discretion. Gillespie, 644 S.W.2d at 451.
A. Restricted Visitation
In twelve points of error, G.K. contends the trial court abused its discretion by refusing to prospectively implement the standard visitation order until the child reaches the age of six or starts school, whichever is later. The standard visitation order presumptively takes effect when the child reaches age three. TEX.FAM.CODE ANN. § 14.032(b). It grants the possessory conservator the right to possession of the child from 6 p.m. on the first, third, and fifth Friday of each month to 6 p.m. on the following Sunday and from 6 p.m. to 8 p.m. on Wednesdays during the school term. Tex.Fam.Code Ann. § 14.033(c). In contrast, the trial court's decree allowed G.K. visitation on the same designated weekends from 10:00 a.m. to 6:00 p.m. on Saturday and from 1:00 p.m. to 5:00 p.m. on Sunday, with no overnight or Wednesday visitation.
In a suit affecting the parent-child relationship, there is a rebuttable presumption that the standard possession order is in the best interest of the child and provides the minimum possession of a child for a parent named as possessory conservator. Tex.Fam. Code Ann. § 14.033(k). A court may consider the following factors in deviating from the standard possession order:
(1) the age, developmental status, circumstances, needs, and best interest of the child;
(2) the circumstances of the managing conservator and of the parent named as a possessory conservator; and
(3) any other relevant factor.
Tex.Fam.Code Ann. § 14.032(c).
In the decree of paternity, the trial court stated that modification of the standard possessory order was necessary "because of the circumstances of the parties and the child," including the legal relationship of G.K., his wife, and the child's mother; the unstable relationship between G.K.'s wife and the child's mother; G.K.'s work history; and the child's age. In the findings of fact, the court noted that at the time the child was conceived and born, G.K. was not married to the mother of the child but was instead married to another woman. The court found that there was a "turbulent relationship" in G.K.'s family that was not likely to diminish for a "protracted period of time" and noted the existence of "a great deal of animosity" between G.K.'s wife and the child's mother. Additionally, the court found that the child would not be able to understand "the reason for the animosity and turbulence" until the *73 child reached the age of six, and therefore, it was in the best interest of the child to restrict visitation until that time.
At the final hearing, K.A., the mother, testified that during her relationship with G.K., he told her very negative things about his wife and marriage. G.K.'s wife testified she suspected G.K. had been involved in earlier affairs and G.K. admitted there had been some problems in his marriage.[3] In addition, G.K., who is employed as an oil rigger, testified he is frequently required to remain at the oil rig during weekends and, in his absence, his wife is the primary child-care provider.
The record reflects the special circumstances of this situation, including the animosity between the child's mother and G.K.'s wife and the effect of G.K.'s frequent absences, during which his wife would be primarily responsible for the care of the child. The trial court considered the best interest of the child in determining the form of visitation should be restricted until the child reaches the age of six. Based on the evidence and findings before us, we cannot say the trial court abused its discretion in ordering restricted visitation. Accordingly, we overrule G.K.'s points of error relating to the visitation order.
B. Surname
In nine points of error, G.K. contends the trial court abused its discretion in refusing to change the child's surname to that of the father. A court may order a name change if the change is the best interest of the child. Tex.Fam.Code Ann. § 32.04. The court has wide discretion in determining whether it is in the child's best interest to grant or deny an application for name change. See Bennett v. Northcutt, 544 S.W.2d 703, 708 (Tex.Civ.App.Dallas 1976, no writ).
The facts of this case raise special concerns that the trial court considered in failing to find it would be in the best interest of the child to change her surname. In the findings of fact, the trial court noted it would be inappropriate to change the child's surname because G.K. has not, at any point, lived with the child or the mother. In the conclusions of law, the trial court found it was neither mandatory nor in the best interest of the child to change her surname.
G.K. relies on a line of cases holding that a father has a protected interest in having a child retain the father's surname. See, e.g., Newman v. King, 433 S.W.2d 420, 423 (Tex. 1968); In the Interest of Griffiths, 780 S.W.2d 899, 900 (Tex.App.Amarillo 1989, no writ); Brown v. Carroll, 683 S.W.2d 61, 63 (Tex.App.Tyler 1984, no writ). These cases are distinguishable from the present set of facts because, in each of the cited cases, the child already had the father's surname and the contesting party sought to change the name from the father's surname to another surname, such as that of a stepfather. Here, the father seeks to change the surname of a child who does not now and never has had the father's surname.
The record reflects the child was born as a result of an adulterous affair, the father was married to another person at the time of the conception and birth of the child, and the father continues to be married to that person. Given the circumstances of the child's birth and the relationship of her natural parents, we cannot say that the trial court abused its discretion in refusing to change the child's surname. Accordingly, we overrule all points of error relating to the child's surname.
C. Attorney's Fees
In G.K.'s final point of error, he contends the trial court abused its discretion in awarding attorney's fees to the mother's attorney. G.K. timely requested findings of fact and conclusions of law and timely filed a notice of past due findings of fact and conclusions of law. After the trial court filed its findings of fact and conclusions of law, which did not contain any element supporting a recovery of attorney's fees by the mother, G.K. requested additional and amended findings of fact and conclusions of law and complained *74 of the award of attorney's fees in his motion for new trial. The mother did not request, and the trial court did not enter, any findings of fact or conclusions of law regarding attorney's fees.[4]
The award of attorney's fees is not supported by a finding of fact or a conclusion of law on any element that would support the recovery of attorney's fees by the mother's attorney.[5]See Tex.R.Civ.P. 299. Neither party requested we abate this appeal in order for the trial court to make a finding of fact or conclusion of law on the issue of attorney's fees. Accordingly, we sustain G.K.'s point of error relating to the award of attorney's fees.

CONCLUSION
We reverse the decree of the trial court on the issue of attorney's fees and render judgment that the mother's attorney is not entitled to an award of attorney's fees. We affirm the remainder of the trial court's decree.
NOTES
[1] Upon appellant's motion, we have granted his request that the parties be identified by initials. See Tex.Fam.Code Ann. § 109.002(d) (West 1996).
[2] See Tex.Fam.Code Ann. § 14.032(b) (West 1986 & Supp. 1995), since amended by Act of April 20, 1995, 74th Leg., R.S., ch. 20, 1995 Tex.Sess.Law. Serv. 113. Because this suit was pending prior to April 20, 1995, all references to the Code are to the provisions in effect at the time of suit, unless otherwise indicated.
[3] G.K. stresses the testimony establishing the present stability of his marriage situation. We note, however, that present harmony is no guarantee that instability will not resume in the future.
[4] At oral argument, counsel for the mother conceded that the award of attorney's fees should have been supported by a finding of fact.
[5] At oral argument, counsel for the mother argued that the attorney's fees could have been taxed as costs. See Tex.Fam.Code Ann. § 106.022(a) (West 1996). The record shows that in the oral pronouncement of the judgment, the judge awarded attorney's fees to the mother's attorney, or in the alternative, as court costs to be taxed to the father. In the final written judgment, however, the attorney's fees were awarded directly to the mother's attorney and were not taxed as costs.