# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00653-CV

**Robert Barnes, Appellant**

**v.**

**Alma Ann Barnes, Appellee**

## FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT
## NO. 26,743, HONORABLE EDWARD P. MAGRE, JUDGE PRESIDING

By this restricted appeal, Robert Barnes challenges the district court=s decree that ended his marriage to Alma Barnes, divided their marital estate, and determined custody of and financial support for their five children. He asserts by six issues on appeal that he did not receive notice of or participate in the trial, that no evidence supported findings that underlie the order denying him possession of or access to the children, that no evidence supports granting the divorce on grounds of cruelty, and that insufficient evidence supports various findings regarding property values and payments ordered to compensate Alma=s share of the community estate. We affirm the judgment.

## BACKGROUND

Alma and Robert Barnes filed competing petitions for divorce in February 2000. Alma alleged grounds of insupportability and cruel treatment. Robert alleged adultery. The court held a hearing

on temporary orders at which Alma, Robert, and several others testified. On June 29, 2000, the court appointed Alma and Robert joint managing conservators of their children, who were born between October 1986 and March 1997. The court gave Alma the right to establish the children=s primary residence, and granted Robert visitation on the first weekend of each month. The court ordered that Alma had Athe right to receive and give receipt for periodic payments for the support of the children.@ (Not until January 31, 2001, however, did the court specify an amountCa total of $312.19 per monthCthat Robert owed in child support.) The order also restrained the parties from failing to maintain the existing levels of insurance on the children; Robert was providing their insurance through his employer. The order contained several provisions restraining the parties from diminishing the community estate.

The court let Robert substitute counsel in September 2000. On March 5, 2001, the court held a hearing on further temporary orders; Robert did not appear. Also on that date, the court allowed the substituted counsel to withdraw based on counsel=s assertion that Robert would not respond to his attempts to make contact, that Robert refused to cooperate or communicate with counsel, that Robert had notice of a previous hearing and did not appear, and that counsel had tried to locate Robert and could not. Counsel gave Route 2, Box 99A, Rosebud, Texas 76570 as Robert=s last known address.

Three days later, Alma sent notice of trial setting to that address and to P.O. Box 266, Rosebud, Texas. The certificate that notice was sent by certified mail, return receipt requested, does not include a zip code after either address. The notice set trial on April 26, 2001 at 1:30 p.m.

Robert did not appear in court on April 26, 2001, but Alma did. She and her attorney, who testified regarding his fees, were the only witnesses who testified. The court rendered judgment on

May 24, 2001, dissolving the marriage based on Robert=s cruelty. The court appointed Alma sole managing conservator and named Robert a possessory conservator. Finding that Robert Ahas a history of alcohol abuse, threatening and emotionally abusive behavior, and has had no contact with the children the subject of this suit since January 2000,@ the court awarded him no visitation or access to the children Aat this time.@ The court ordered Robert to pay $1580 monthly for child support, with decreases scheduled as the children reach majority. The court ordered him to provide health insurance for the children. The court awarded him all clothing, jewelry, and personal effects in his possession. The court awarded Alma all items in her possession, all the bank accounts in Robert=s name at First National Bank in Cameron, Texas, half of Robert=s retirement benefits from his previous employment as a truck driver for the McLane Company, all life insurance on her, a 1992 van, a 1990 pickup truck, and the family=s turkey brooding operationCTurkey Track FarmsCand all associated equipment, property, and contract rights. Based on testimony that Robert had taken community funds from various sources, the court awarded Alma judgment of $55,912.28 against him to equalize the division of the community estate. The court also awarded Alma=s attorney judgment for $6,475 in attorney=s fees against Robert.

Alma=s attorney then certified that Robert=s last known address was P.O. Box 266, Rosebud, Texas 76570.

Robert filed a notice of restricted appeal in November 2001.

3

**DISCUSSION**

Robert contends that he meets the criteria for bringing a restricted appeal. To prevail on a restricted appeal, a party to the suit who did not participate at trial must file a notice of appeal within six months of the date of the judgment and show error apparent from the face of the record. Tex. R. App. P. 26.1(c), 30; *Norman Communications v. Texas Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997). The non-participation provision is mandatory, jurisdictional, and cannot be waived. *See* Tex. R. App. P. 30; *Lambda Constr. Co. v. Chamberlin Waterproofing and Roofing Sys., Inc.*, 784 S.W.2d 122, 124 (Tex. App.CAustin 1990, writ denied). Robert is undisputedly a party to the suit who timely filed his notice of appeal. The dispute centers on whether he participated Aat trial@and whether he can show error from the face of the record.

Before reviewing the issues on appeal, we must define the scope of the Aface of the record@ that is available for review. Robert has attached an affidavit to his brief. In the affidavit, he disputes evidence presented at trial, including the assertion that he received notice of the trial setting, and offers what his testimony would have been at trial. This affidavit, however, was not in the clerk=s record or the reporter=s record filed in this case, and there is no indication it was ever before the trial court; the affidavit is dated March 5, 2002Cmore than four months after Robert perfected this appeal. Appellate review is designed to determine whether the trial court made errors; these errors generally must be presented to the trial court and must be evident in the record from the trial court. *See* Tex. R. App. P. 33.1 (must complain at trial court to preserve error), 34 (record consists of items from trial court). The face of the record consists of Aall the papers on file in the appeal.@ *Norman*, 955 S.W.2d at 270. On restricted appeal, we

4

cannot consider affidavits filed for the first time in the appellate court. *General Elec. Co. v. Falcon Ridge Apartments, Joint Venture*, 811 S.W.2d 942, 944 (Tex. 1991). Nor can we consider attachments to briefs that are not in the record from the trial court. *See White v. Rupard*, 788 S.W.2d 175, 179 (Tex. App.CHouston [14th Dist.] 1990, writ denied). Accordingly, we cannot consider Robert=s affidavit because it was not before the trial court when it had jurisdiction of the case.

Robert contends that he did not participate in the trial and did not receive notice of the trial. These assertions generate separate inquiries on a restricted appeal because Ait is the fact of nonparticipation, not the reason for it, that determines the right to appeal by writ of error.@ *See Texaco, Inc. v. Central Power & Light Co.*, 925 S.W.2d 586, 590 (Tex. 1996). We will consider whether he participated and what effect that participation had before considering whether the asserted lack of notice shows error on the face of the record.

A party can participate at trial without appearing at the final proceeding before judgment. *Withem v. Underwood*, 922 S.W.2d 956, 957 (Tex. 1996). The question is whether the appellant has participated in Athe decision-making event@ that results in judgment adjudicating the appellant=s rights. *Id.* (citing *Texaco*, 925 S.W.2d at 589). AThe nature and extent of participation that precludes appeal by writ of error in any particular case is a matter of degree because trial courts decide cases in a wide variety of procedural settings.@ *Texaco*, 925 S.W.2d at 589 (citing *Stubbs v. Stubbs*, 685 S.W.2d 643, 645 (Tex.1985)). The decision-making event can include aAhearing in open court, leading up to the rendition of judgment, on the questions of law, if the case is disposed of on the questions of law, or on the questions of fact, if the final judgment is rendered on the facts.@ *Lawyers Lloyds of Texas v. Webb*, 152 S.W.2d 1096,

5

1097-98 (Tex. 1941). The court reasoned that the purpose of the nonparticipation requirement for writs of error (now restricted appeals[1]) is

> to take away the right of appeal by writ of error from those who should reasonably use the more speedy method of appeal. Those who participate in the trial leading up to the rendition of judgment are familiar with the record, and are therefore in position to prepare for appeal on short notice; whereas, those who do not so participate in the actual trial, and are therefore unfamiliar with the record, may need additional time in which to familiarize themselves with the record. For example: One who participates in the hearing of the evidence will be familiar with the facts introduced upon the trial and can immediately begin the preparation of his appeal; whereas, one who does not so participate may have to wait until the reporter can prepare a statement of facts before he can properly prepare his appeal for presentation to the appellate court.

*Id*. We must construe the party=s participation liberally in favor of the right to appeal. *Stubbs*, 685 S.W.2d at 644-45 (citing *Lawyers Lloyds*, 152 S.W.2d at 1097 with approval); *see also Attorney Gen. v. Orr*, 989 S.W.2d 464, 467 (Tex. App.CAustin 1999, no pet.).

To determine participation, courts review not just the general nature of the proceeding, but the particular use of those proceedings by the parties in the case before them. *See Mays v. Perkins*, 927 S.W.2d 222, 225 n.2 (Tex. App.CHouston [1st Dist.] 1996, no writ) (listing cases deciding each way on participation issue). Two cases from the Seventh Court of Appeals illustrate the application of the test to different decision-making events. *See In re Van Hersh*, 662 S.W.2d 141, 144 (Tex. App.CAmarillo 1983, no writ); *Thacker v. Thacker*, 496 S.W.2d 201, 204-05 (Tex. Civ. App.CAmarillo 1973, writ

---

[1] Restricted appeals were substituted for writs of error in the 1997 revisions to the Texas Rules of Appellate Procedure. *See* Tex. R. App. P. 30, notes and comments.

6

dism=d).  In *Thacker*, the appellate court decided that a party who missed the summary-judgment hearing nevertheless participated at trial.  *Thacker*, 496 S.W.2d at 204-05.  The party participated by filing pleadings, discovery, and motions; because no evidence is taken at summary-judgment hearings, the court held that the party=s failure to appear at that hearing did not significantly diminish her awareness of the basis for the judgment.  *Id.*  By contrast, in a suit affecting the parent-child relationship, the court held that a party who appeared, answered, sought various forms of relief and participated in preliminary hearings but missed the final hearing on the merits had not participated at trial.  *Van Hersh*, 662 S.W.2d at 144.  Although the trial court took judicial notice of the previous hearings and relied on evidence therefrom, the appellate court determined that the party=s failure to participate in the final hearing on the merits prevented her from being familiar with the events occurring at the trial on the merits.  *Id*. at 144-45 (citing *Lawyers Lloyds*, 152 S.W.2d at 1098).  Thus, the appellate court held that she had not participated at trial.  *Van Hersh*, 662 S.W.2d at 145.

Alma argues that Robert=s filing of documents and participation in the April 2000 hearing constituted participation in the trial.  Robert appeared personally and through counsel at the April 2000 hearing; his counsel cross-examined witnesses, and he testified.  There was testimony about his earnings, suicide attempt, temper, abuse of a child, and abuse of alcohol.

We conclude, however, that the decision-making event was the final hearing held on April 26, 2001.  More than a year passed between the hearing on temporary orders and the final judgment, and a different judge heard new evidence at the April 2001 proceeding.  The record does not indicate that the court in 2001 took judicial notice of or relied on the evidence from the April 2000 hearing.  There is no indication that the reporter=s record from the April 2000 hearing was prepared for the court=s review before

7

it signed the judgment in May 2001; the reporter=s record in the appellate record was prepared in March 2002. The judgment expressly states that Aon April 26, 2001, the Court heard this case.@ Alma testified about property (*e.g.*, vehicles, equipment, retirement benefits, oil lease proceeds, and an income tax refund) and debts (*e.g.*, credit cards and medical bills) that either were not mentioned or not detailed in the April 2000 hearing. She also testified about Robert=s failure to visit the children in the year between the proceedings or to provide child support as required by the temporary orders, which were implemented after the April 2000 hearing. Based on the evidence adduced in the April 2001 proceeding, the court named Alma the sole managing conservator and denied Robert visitationCa significant change from the court=s 2000 temporary orders that named them joint managing conservators and granted Robert visitation; the decree also divides marital assets and debts. Robert did not hear the evidence supporting these changes because he did not attend the April 2001 proceeding. Based on the additional evidence adduced at the April 2001 proceeding and its apparent influence on the decree, we conclude that the April 2001 proceeding was the decision-making event. Despite Robert=s participation in the case including the April 2000 hearing, we conclude that Robert did not participate in the trial.

Having concluded that Robert did not participate Aat trial,@ we must next determine whether he can show error from the face of the record. Robert contends that error is apparent on the face of the record because he did not receive notice of the trial setting. Notice of trial must be sent to the party=s last known address. Tex. R. Civ. P. 21a, 245. A certificate showing service is *prima facie* evidence of service. Tex. R. Civ. P. 21a. A recitation of due notice of the trial setting in the judgment constitutes some, but not conclusive, evidence that proper notice was given; in the absence of controverting evidence in the record from the trial court, we presume that notice was received. *Osborn v. Osborn*, 961 S.W.2d 408,

8

411-12 (Tex. App.CHouston [1st Dist.] 1997, pet. denied).  This presumption prevails unless the record affirmatively shows that the appellant did not receive notice.  *Blanco v. Bolanos*, 20 S.W.3d 809, 811 (Tex. App.CEl Paso 2000, no pet.) (record showing notice sent less than forty-five days before trial defeated notice presumption); *Transoceanic Shipping Co., Inc. v. General Universal Sys.*, *Inc.*, 961 S.W.2d 418, 419 (Tex. App.CHouston [1st Dist.] 1997, no pet.) (record containing notice envelopes returned undelivered defeated notice presumption).  In this case, the record shows that Robert=s counsel stated in his February 28, 2001 motion to withdraw as counsel that Robert=s last known address was Rt. 2, Box 99A, Rosebud, Texas 76570.  In the notice of trial setting filed March 8, 2001, Alma=s counsel certified that he sent a copy of the notice to Robert at that address and at P.O. Box 266, Rosebud, Texas.[2]  Alma=s attorney omitted the zip code on both addresses in the certificate.  Although the record does not show whether the zip code was also omitted from the envelopes, the lack of a zip code would not render the address incomplete or improper.  *See Judkins v. Davenport*, 59 S.W.3d 689, 690-91 (Tex. App.CAmarillo 2000, no pet.).  Although at the April 2001 hearing Alma reported her address as Route 2, Box 99A, there is no showing in the record that either that address or Box 266 was not Robert=s last known address, and nothing in the record affirmatively shows that Robert did not receive the notice.  The decree recites that Robert Awas duly notified of trial.@  There is no evidence in the record to rebut this presumption; Robert=s affidavit, presented for the first time on appeal, is not within the scope of the record

---

[2] After the decree was signed, Alma=s attorney certified that the Box 266 address was Robert=s last known address.

9

reviewable on restricted appeal. *See Falcon Ridge*, 811 S.W.2d at 944. Based on the reviewable record, we cannot say that the trial court erred by finding that Robert was duly notified of the trial.

The remainder of the issues Robert raises on appeal concern the support in the record for various aspects of the decree. In reviewing a legal sufficiency challenge, we consider all the evidence in the light most favorable to the prevailing party, indulging every reasonable inference in that party=s favor. *See Associated Indem. Corp. v. CAT Contracting, Inc.*, 964 S.W.2d 276, 285-86 (Tex. 1998). We will uphold the finding if more than a scintilla of evidence supports it. *See Burroughs Wellcome Co. v. Crye*, 907 S.W.2d 497, 499 (Tex. 1995). The evidence supporting a finding amounts to more than a scintilla if reasonable minds could arrive at the finding given the facts proved in the particular case. *Id.*; *Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10, 25 (Tex. 1994). In reviewing a jury verdict to determine the factual sufficiency of the evidence, we consider and weigh all the evidence and set aside the judgment only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *See Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986); *In re King=s Estate*, 244 S.W.2d 660, 661 (Tex. 1951); *Simons v. City of Austin*, 921 S.W.2d 524, 527 (Tex. App.CAustin 1996, writ denied).

Robert contends that Ano evidence was presented at trial demonstrating appellant=s alleged history of alcohol abuse or his alleged threatening or emotionally abusive behavior, which were the basis of the court=s denial of possession or access to his children.@ The custody provision of the decree relies on Robert=s failure to have any contact with the children between January 2000 and May 2001; Robert does not address this basis. The primary consideration in making decisions regarding conservatorship and possession of and access to children must be the best interest of the children. Tex. Fam. Code Ann. ' 153.002 (West 1996). Two children older than age ten filed motions before the April 2000 temporary-

10

orders hearing requesting that the court appoint Alma the managing conservator.  Alma testified at trial that the temporary orders limited Robert=s possession of the children because of his problems with Aalcohol and abuse@; she testified that he has a problem with his temper.  Alma also testified that Robert had not seen the children since she and he separated on February 12, 2000.  The record contains more than a scintilla of evidence to support the court=s findings regarding alcohol abuse and abusive behavior.

Robert also complains that Ano evidence was presented to support the trial court=s granting of divorce on grounds of cruelty.@  The statute provides that A[t]he court may grant a divorce in favor of one spouse if the other spouse is guilty of cruel treatment toward the complaining spouse of a nature that renders further living together insupportable.@  Tex. Fam. Code Ann. ' 6.002 (West 1998).  The testimony regarding abusive behavior provides a scintilla of evidence to support this finding.

We further note that, even if no evidence supported the challenged findings, Robert has not shown a basis for reversal because he has not shown that the findings probably led to the rendition of an improper judgment or prevented him from properly presenting his appeal.  *See* Tex. R. App. P. 44.1(a).  The court could have granted a no-fault divorce on the basis of insupportability; Alma pled this basis and the record supports such a ground for divorce.  *See id.* ' 6.001.  Robert does not dispute that a divorce should have been grantedCindeed, he filed his own petition for divorceCbut disputes only the basis on which it was granted.  The record does not reveal that the basis of the divorce had any impact on the remainder of the decree; *i.e.*, the court did not recite that the basis for the divorce affected its division of the marital estate.  The conservatorship and visitation provisions stand on the unchallenged ground that he has had no contact with the children in more than a year; the record reflects that he has neither visited nor paid any child

11

support. Because the provisions of the decree are not dependent on the challenged findings, we conclude that Robert has shown no legal harm from the findings that requires reversal of the decree.

Robert contends that insufficient evidence supports the value of the property awarded to Alma in the division of the marital estate. When reviewing the division of the marital estate, we review whether the court abused its discretion while making a just and right division of the property. *Murff v. Murff*, 615 S.W.2d 696, 698 (Tex. 1981); *Walston v. Walston*, 971 S.W.2d 687, 691 (Tex. App.CWaco 1998, pet. denied). The court can consider many factors, including the parties= income potential and obligations. *Murff*, 615 S.W.2d at 699. Legal and factual sufficiency are not independent grounds of error but relevant factors in assessing whether the trial court abused its discretion. *Doyle v. Doyle*, 955 S.W.2d 478, 479 (Tex. App.CAustin 1997, no pet.). To constitute an abuse of discretion, the property division must be manifestly unfair. *See Mann v. Mann*, 607 S.W.2d 243, 245 (Tex. 1980).

Robert specifically contests the valuation of the 106-acre turkey brooder farm and the order that he pay her $55,912.82 to compensate for assets he allegedly removed from the community. The property valuation was based on Alma=s testimony. A landowner and business owner can testify about the value of her property even if she could not testify about the value of another=s land or business. *Ramex Constr. Co. v. Tamcon Servs. Inc.*, 29 S.W.3d 135, 138 (Tex. App.CHouston [14th Dist.] 2000, no pet.); *Barraza v. Koliba*, 933 S.W.2d 164, 169 (Tex. App.CSan Antonio 1996, writ denied). Alma testified that loans on the property totaled about $320,000; she estimated that the three loans were approximately $212,000 on the turkey house, $65,000 on the house, and $20,000 on home improvements. She testified that the property was worth no more than the loans and thus that there was essentially no equity in this property. She further testified that Robert withdrew $82,414.74 from a profit-sharing

12

retirement account, despite being under temporary orders not to do so; she said he also kept all of a joint $9,161.40 income-tax refund and $1608 from oil-lease revenues on community property. She was awarded sixty percent of these amounts in the property division to compensate her share of the community. Alma also testified that in January 2001 Robert removed everything of value from the residence and took a sixteen-foot flatbed trailer belonging to the turkey farm; she requested that he be awarded all of that property plus a pick-up, a motorcycle, and all other personal effects he possessed. She also testified that caring for the five children would keep her income potential below his. Alma requested and was awarded the residence, the turkey farm and all equipment thereon, two vehicles, insurance policies on her life, bank accounts, half of Robert=s retirement benefits, and personal effects. On the face of this record, we conclude that the court did not abuse its discretion in dividing the community estate as it did and ordering a compensatory payment.

Robert contends that the court erred by ordering him to pay a total of $1580 in monthly child support. We review the decision to set child support under the guidelines for an abuse of discretion. *See Rodriguez v. Rodriguez*, 860 S.W.2d 414, 415 (Tex. 1993). A trial court abuses its discretion only when it acts in an unreasonable and arbitrary manner or without reference to any guiding principles. *G.K. v. K.A.*, 936 S.W.2d 70, 72 (Tex. App.CAustin 1996, writ denied). Alma testified that Robert, a truck driver, earned $69,800 in 1998, and $60,959 in 1999, a year in which he was disabled for three months but resumed driving; she testified that she believed he retained the capacity to earn such income. The statutory guidelines suggest that a child-support obligor whose monthly net resources are less than $6000 pay forty percent of those resources to support five children. Tex. Fam. Code Ann. ' 154.125 (West 1996). A $1580 payment is forty percent of $3950 in net monthly resources, which indicates an annual

gross income of about $60,000 according to the statutory charts for computing monthly income. *See id.* ' 154.061 (West Supp. 2002). Robert argues that he earned less in 2000, but that evidence was not before the trial court. We find no abuse of discretion on the face of this record.

## CONCLUSION

Because Robert failed to show error on the face of the record, we affirm the judgment.


Jan P. Patterson, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed:   September 12, 2002

Do Not Publish