

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| DANIEL MCKEY, | § | No. 08-20-00042-CV |
| Appellant, | § | Appeal from the |
| v. | § | 119th District Court |
| LINDA STALLINGS, | § | of Tom Green County, Texas |
| Appellee. | § | (TC#B-15-0093-F) |

## **O P I N I O N**

Arguing that the trial court abused its discretion, Daniel McKey, Appellant ("Father"), appeals the court's modified possession order restricting possession of his daughter, I.J.M., to supervised visitation. This Court affirms the trial court's ruling, as there is sufficient evidence to support its judgment.

## **BACKGROUND**

Linda Stallings, Appellee ("Mother"), filed a Petition to Modify Parent-Child Relationship on March 7, 2018 seeking, among other things, that Mother be named I.J.M.'s sole managing conservator and that Father either be denied visitation with their daughter or that his visitation with her be supervised. Mother's request was based on I.J.M.'s reports of being punished by spankings, being forced to stand in the corner, being forced to write contracts of apology, being underfed at

times, being subjected to threats of violence, being subjected to verbal abuse, being subjected to physical punishment at the hands of her stepmother and step-grandmother, and having to stay in her room and watch television for hours at times while in Father's custody. Mother further indicated that I.J.M. was left with an unknown stepmother's friend and that on another occasion, I.J.M.'s foot was injured by her step-grandmother, that no medical attention was sought, and that Mother was not informed, despite the need for medical attention. Finally, Mother indicated that despite I.J.M.'s allergies to makeup, Father's wife repeatedly tried to put makeup on her.

On March 8, 2018, the court issued an Ex-Parte Temporary Restraining Order and Order Setting Hearing for Temporary Orders, ordering Mother have continuous possession of and access to I.J.M. and Father be excluded from unsupervised possession and access of the child. On March 26, 2018, the Temporary Restraining orders were extended based on Father's unavailability for a hearing.

Following a hearing on the Petition to Modify on April 13, 2018, the Court signed temporary orders on June 30, 2018, which ordered Father to coordinate with Mother and counselor Brent Dooley to schedule at least two visits with Mother, Father, their daughter, and counselor Dooley. Further, Father's visitation with his daughter thereafter would be at the recommendation of Mr. Dooley. A final trial that was to begin on December 4, 2018, was recessed due to Father's failure to comply with the counseling order. The court extended its June 30, 2018, temporary orders pending the conclusion of a final hearing, which was to take place only after Father complied with the counseling order.

The final trial was held on August 13, 2019, during which Father, Mother, and counselor Brent Dooley testified. Mr. Dooley testified about the parties' discussion regarding what was

disturbing I.J.M., including her emotional distress over being reprimanded for expressing her feelings and concerns about her step-grandmother. Mr. Dooley testified his recommendation was I.J.M. should not be chastised or punished for expressing her feelings. Further, Father should be the one to handle discipline when I.J.M. was in his custody. Mr. Dooley told the court, in response, Father said he was going to send Mr. Dooley a written plan regarding how issues would be addressed so that the problems would not persist. Father never gave Mr. Dooley anything in writing. Father also confirmed he never reported back to Mr. Dooley. Finally, Mr. Dooley did not recommend unsupervised visits between Father and I.J.M.

Mother testified as to the allegations in her Petition to Modify as well as to I.J.M.'s improved physical health and emotional wellbeing following the court's orders restricting the child's visitation with Father. Mother testified Father did not access the child, call the child, or attend her events in the prior year and a half, other than one lunch. Mother testified she has not stopped Father from having a relationship with his daughter, but that he has not called her.

Father testified the last time he saw I.J.M. was on January 28, 2019 in their therapy session and since December 4, 2018, he has not sent I.J.M. any cards, letters, gifts or called her. When asked if Father thought the court orders included he could not correspond with I.J.M., Father responded he had no confidence that Mother would not corrupt or interfere with any such communications or that anything he were to send I.J.M. would ever reach her. Father explained "[i]t must have been the scare tactics of the sheriff" or his own "interpretation from the--the legal ramifications" that prompted him to understand the April 3, 2018 order as legally restraining him from seeing I.J.M.

**DISCUSSION**

3

*Issue*

Father argues requiring supervision when Father is in possession of I.J.M. based on the recommendation of a counselor who had not seen the child in individual therapy for almost ten months before the final trial is not in the child's best interest and therefore the trial court abused its discretion in ordering supervision during his periods of possession.

*Standard of Review*

The standard of review for modification of a possession order is abuse of discretion; namely, whether the trial court acted arbitrarily or unreasonably. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990); *Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982). The court's decision regarding the possession order must be premised primarily upon the child's best interest in light of the circumstances. TEX.FAM.CODE ANN. § 153.002; *G.K. v. K.A.*, 936 S.W.2d 70, 72-73 (Tex.App.—Austin 1996, writ denied). The trial court has broad discretion in its determination, as it is in the best position to assess the evidence based on its first-hand view of the witnesses, testimony, and evidence; this Court may not substitute its judgment for that of the trial court. *Walker v. Gutierrez*, 111 S.W.3d 56, 62 (Tex. 2003). Absent an abuse of discretion, the trial court's determination of the child's best interest stands. *Worford*, 801 S.W.2d at 109; *Gillespie*, 644 S.W.2d at 451.

*Analysis*

In the present case, the trial court based its decision to require supervision during periods of Father's possession of his child on sufficient evidence in the record. Finding Mother's material allegations in the Petition to Modify to be true, the court held that continual supervision of Father's visitation with I.J.M. was in the best interest of the child. The court explained that absent the

restrictions, the child's physical health and emotional development and welfare would be in danger. Not only did Counselor Dooley recommend supervised visitation given Father's failure to submit a plan regarding how to address the areas of concern, but the court indicated that it was unable to trust Father would follow orders without supervision, as Father "failed to comply with [c]ourt orders, the [c]ounselor's requests, Mother's requests, and because Father takes action without consulting with others, even when required to coordinate" and perhaps "he does not comprehend how to comply with them."

Because the trial court's decision was premised upon the child's best interest and was reasonable in light of the record, this Court will not overturn the trial court's decision regarding the possession order modification. Appellant's sole issue is overruled.

## CONCLUSION

The trial court did not abuse its discretion by modifying the possession order to require supervised visitation when Father is in possession of I.J.M.

March 10, 2021

YVONNE T. RODRIGUEZ, Chief Justice

Before Rodriguez, C.J., Palafox, and Alley, JJ.
Palafox, J., Concurs

5